DLM

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND

**Keith Farrelly,**
Plaintiff,

vs.

08-________
Jury Trial Requested

**I.C. System, Inc.,**
**Chris Doe,** alias,
**Jack Doe,** alias, and
**Taylor Doe,** alias,
Defendants.

CA 08 183 S

---

## Complaint

### Introduction

1. The Plaintiff, an individual consumer, brings this action alleging the Defendants engaged in harassing, abusive and prohibited conduct while attempting to collect a alleged debt from the Plaintiff in violation of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). The Plaintiff seeks statutory damages, actual damages, costs and attorney fees under the FDCPA.

2. The Plaintiff also alleges the Defendants' conduct while attempting to collect the debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, 6-13.1.-1 *et seq.* ("DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney fees, and punitive damages under the DTPA.

### Jurisdiction and Venue

3. This Court has jurisdiction to hear the FDCPA claims in this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337(a), and supplemental jurisdiction to hear the state law DTPA claims pursuant to 28 U.S.C. § 1367(a).

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391(b) because the Plaintiff is a resident of this District and the conduct complained of took place, via the telephone, in this District.

## Parties

5. Plaintiff Keith Farrelly is an adult resident of the City of Providence, County of Providence, State of Rhode Island.

6. The Defendant I.C. System, Inc. is a corporation, organized and existing under the laws of the State of Minnesota.

7. The Defendant Chris Doe, alias, a male, is an employee or agent of I.C. System whose true identity is unknown to the Plaintiff but known, or knowable, to I. C. System.

8. The Defendant Jack Doe, alias, a male, is an employee or agent of I.C. System whose true identity is unknown to the Plaintiff but known, or knowable, to I. C. System.

9. The Defendant Taylor Doe, alias, a male, is an employee or agent of I.C. System whose true identity is unknown to the Plaintiff but known, or knowable, to I. C. System.

## Facts Common To All Counts

10. At all times relevant to this Complaint, I.C. System was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

11. At all times relevant to this Complaint, Chris Doe was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

12. At all times relevant to this Complaint, Jack Doe was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

13. At all times relevant to this Complaint, Taylor Doe was engaged in the business of regularly collecting debts, originally owed to third parties, using the telephone and placing telephone calls to residents of Rhode Island.

14. I.C. System is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

15. At all times relevant to this Complaint, Jack Doe was a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

16. At all times relevant to this Complaint, Taylor Doe was a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6).

17. In 2008, I.C. System placed phone call to, and engaged in telephone conversations with, the Plaintiff while acting as a debt collector attempting to collect a debt from the Plaintiff.

18. In 2008, Chris Doe placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a debt collector attempting to collect a debt from the Plaintiff.

19. In 2008, Jack Doe placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a debt collector attempting to collect a debt from the Plaintiff.

20. In 2008, Taylor Doe placed phone calls to, and engaged in telephone conversations with, the Plaintiff while acting as a debt collector attempting to collect a debt from the Plaintiff.

21. The alleged debt that gave rise to the telephone calls arose from purchases of goods primarily for personal, family or household purposes.

22. In April 2008, the Plaintiff told I.C. System that he could not and would not pay the debt it was attempting to collect from him.

23. In April 2008, the Plaintiff told Chris Doe he could not pay the debt he was attempting to collect from him.

24. In April 2008, the Plaintiff told Jack Doe that he could not and would not pay the debt he was attempting to collect from him.

25. In April 2008, the Plaintiff told Taylor Doe that he could not and would not pay the debt he was attempting to collect from him.

26. In April 2008, Chris Doe told the Plaintiff that he could have him put in jail.

**Count 1 – FDCPA - Harassment**

27. In April 2008, the Defendants engaged in conduct the natural consequence of which was to harass and abuse the Plaintiff.

28. The Defendants' harassing and abusive conduct included:

a. Chris Doe threatening to have the Plaintiff criminal prosecuted;
b. Chris Doe, Jack Doe, Taylor Doe and I.C. Systems using language the natural consequence of which is to abuse the hearer;

c. Jack Doe, Taylor Doe and I.C. Systems causing the Plaintiff's telephone to ring repeatedly with the intent to annoy, abuse or harass him; and
d. Jack Doe, Taylor Doe and I.C. Systems engaging the Plaintiff in repeated conversations with the intent of annoying, abusing or harassing him.

29. The Defendants' conduct described in this Count violated the FDCPA, specifically 15 USC 1692(d)(1), (2) and (5).

**Wherefore,** the Plaintiff requests judgment against each Defendant for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

## Count 2 – Federal FDCPA – Deceptive and Misleading Representations

30. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

31. The Defendants' used deceptive and misleading means while attempting to collect the debt from the Plaintiff.

32. The Defendants' deceptive and misleading conduct included:

a. Chris Doe, Jack Doe, Taylor Doe and I.C. System failing to disclose in each communication with the Plaintiff that the Defendants were debt collectors attempting to collect a debt and that any information obtained would be used for that purpose;
b. Chris Doe falsely representing to the Plaintiff that his failure to pay would result in his imprisonment or arrest despite that being unlawful and despite him, and I.C. System, not intending to have the Plaintiff arrested.
c. Chris Doe falsely implying that the Plaintiff committed a crime in order to disgrace the Plaintiff.

33. The Defendants' conduct described in this Count violated the FDCPA, specifically 28 USC 1692(e)(4), (7) and (11).

34. As a result of the Defendants' conduct, the Plaintiff suffered damages including mental suffering, embarrassment and attorney fees.

**Wherefore,** the Plaintiff requests judgment against each Defendant for his actual damages pursuant to 28 USC 1692(k)(a)(1), statutory damages in the amount of $1,000 pursuant to 28 USC 1692(k)(a)(2)(A), costs and attorney fees pursuant to 28 USC 1692(k)(a)(3), and for such other relief as the Court may deem just and appropriate.

**Count 3 – State – Deceptive Trade Practice**

35. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

36. Chris Doe placed his calls to the Plaintiff while acting within the scope of his employment with I.C. System and in furtherance of I.C. System's business interests.

37. Jack Doe placed his calls to the Plaintiff while acting within the scope of his employment with I.C. System and in furtherance of I.C. System's business interests.

38. Taylor Doe placed his calls to the Plaintiff while acting within the scope of his employment with I.C. System and in furtherance of I.C. System's business interests.

39. I.C. System did not have, or did not enforce, policies and procedures to prevent its agents from conducting themselves in the way Chris Doe, Jack Doe and Taylor Doe conducted themselves towards the Plaintiff.

40. I.C. System's conduct, and the conduct of its agents, as described in this Complaint constituted "unfair or deceptive acts or practices" as that term is defined in the Rhode Island DTPA at RIGL 6-13.1-1(6)(xiii).

41. I.C. System's conduct as described in this Complaint was prohibited by the DTPA at RIGL 6-13.1-2.

42. I.C. System's conduct as described in this Complaint was deliberate, and/or outrageous, and/or reckless.

43. As a result of I.C. System's conduct, the Plaintiff suffered damages including mental suffering and attorney fees.

**Wherefore**, the Plaintiff requests judgment against I.C. System for 1) her actual damages pursuant to RIGL 6-13.1-5.2(a); 2) statutory damages in the amount of $200 pursuant to RIGL 6-13.1-5.2(a); 3) costs and attorney fees pursuant to RIGL 6-13.1-5.2(d); 4) punitive damages; and 5) such other relief as the Court may deem just and appropriate.

Keith Farrelly,
By his Attorney,

/s/

John T. Longo, Esq./#4928
681 Smith Street
Providence, RI 02908
(401) 272-2177 Fax (401) 537-9185
jtlongo@yahoo.com

**Jury Demand**

The Plaintiff requests a trial by jury on each and every Count of this Complaint.

/s/ ______________________________

C:\Documents and Settings\John\My Documents\FARRELLY v IC Systems Complaint.doc
4/21/2008 7:09 PM
My File #FDCPA 2809