UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| KEITH FARRELLY,<br><br>Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC., CHRIS DOES, alias, JACK DOE, alias, and TAYLOR DOE, alias,<br><br>Defendants. | CIVIL ACTION NO. 08-183-S |

**ANSWER OF THE DEFENDANT I.C. SYSTEM, INC.**

The defendant, I.C. System, Inc. ("the defendant") hereby answers the plaintiff, Keith Farrelly's ("the plaintiff") Complaint, as follows:

**INTRODUCTION**

1. The defendant states that this paragraph is merely descriptive of the plaintiff's claim and therefore no response is required. To the extent a response is required, the defendant lacks sufficient information to either admit or deny whether the plaintiff is an individual consumer, and the defendant denies the it engaged in harassing, abusive and prohibited conduct while attempting to collect a debt.

2. The defendant states that this paragraph is merely descriptive of the plaintiff's claim and therefore no response is required. To the extent a response is required, the defendant denies that if violated the Rhode Island Deceptive Trade Practices Act.

**JURISDICTION AND VENUE**

3. Paragraph 3 states a legal conclusion to which no response is required.

4. Paragraph 4 states a legal conclusion to which no response is required.

## PARTIES

5. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 5 .

6. Admitted.

7. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 7.

8. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 8.

9. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 9.

## FACTS COMMON TO ALL

10. Admitted.

11. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 11.

12. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 12.

13. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 13.

14. The allegations contained in paragraph 14 state a legal conclusion to which no response is required.

15. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 15.

16. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 16.

17. Admitted.

18. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 18.

19. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 19.

20. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 20.

21. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 21.

22. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 22.

23. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 23.

24. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 24.

25. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 25.

26. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 26.

## COUNT 1 – FDCPA – HARASSMENT

27. Denied.

28. Denied.

29. Denied.

**COUNT 2 – FEDERAL FDCPA – DECEPTIVE AND MISLEADING REPRESENTATIONS**

30. The defendant incorporates by reference the responses to paragraphs 1-29 as if fully set forth herein.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

**COUNT 3 – STATE – DECEPTIVE TRADE PRACTICE**

35. The defendant incorporates the responses to paragraphs 1-34 as if fully set forth herein.

36. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 36.

37. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 37.

38. The defendant lacks sufficient information or knowledge to either admit or deny paragraph 38.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

The defendant states that any violation of The Fair Debt Collection Practices Act, which the defendant denies, resulted from a *bona fide* error despite the defendant's maintenance of procedures reasonably adopted to avoid such error.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

The defendant states that the actions complained of concerned activities or transactions permitted under law and that is administered by a regulatory body acting under statutory authority of the United States.

**FOURTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred by waiver and/or estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The plaintiff's claims are barred because he has failed to plead with particularity as required by Fed.R.Civ.P. 9(b).

WHEREFORE, the defendant requests that this Court enter judgment in favor against the plaintiff, award it its reasonable attorneys fees and costs, and grant such other relief as the Court deems just and proper.

Respectfully submitted,
I.C. SYSTEM, INC.

By Its Attorneys,

*/s/ Ranen S. Schechner*

David A. Grossbaum, No. 6742
Ranen S. Schechner, No. 6943
HINSHAW & CULBERTSON LLP
155 South Main Street, Suite 304
Providence, RI 02903
401-751-0842
401-273-8543 (facsimile)

Dated: June 17, 2008

**CERTIFICATE OF SERVICE**

I, Ranen S. Schechner, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on June 17, 2008.

*/s/ Ranen S. Schechner*